UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WENDY JOHNSON,

                    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

                    Defendant.

CASE NO. C09-5125FDB

REPORT AND RECOMMENDATION

March 26, 2010

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C.§636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter is before the court on defendant's motion to dismiss. Doc. 11. The court has reviewed the record, including plaintiff's opposition to the motion to dismiss[1]. Because this action is barred by the applicable statute of limitations and there being no legal basis to justify equitable tolling of the statute, the

---

[1] The court notes that plaintiff's opposition brief was not received by the Clerk of the Court until February 19, 2009 – three days late. Nevertheless, the court has fully considered plaintiff's pleadings in its consideration of this matter.

REPORT AND RECOMMENDATION - 1

undersigned RECOMMENDS that defendant's motion be GRANTED and that the Complaint be DISMISSED with prejudice.

This is an action for judicial review of the final decision of the Social Security Administration denying plaintiff's claim for social security disability benefits under the Social Security Act, 42 U.S.C.§401, et seq. Defendant, the Commissioner of the Social Security Administration, moves to dismiss the complaint on the ground that plaintiff failed to file her appeal within the time period prescribed by 42 U.S.C.§405(g).

Section 405(g) clearly states that an individual seeking judicial review of the Secretary's final administrative decision is required to file such action with the court "within sixty (60) days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C.§405(g). By regulation, the Secretary has required that any civil action be filed within sixty (60) days of receipt of the notice. 20 C.F.R.§422.210(c). The date of receipt is presumed to be five days after the date of notice, unless there is a reasonable showing to the contrary. 20 C.F.R.§422.210(c).

In the instant case, the Appeals Council mailed notice of its final decision to the plaintiff on December 24, 2008. Declaration of Joan DeVera, Chief of Court Case Preparation and Review Branch I of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Doc. 11. The Appeals Council's letter specifically stated:

**Time To File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

REPORT AND RECOMMENDATION - 2

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

*Id.*

As noted in the letter and under the applicable regulation, plaintiff is presumed to have received the notice five days after the notice is dated. In this case, plaintiff was presumed to have received the letter on December 29, 2008; however, plaintiff has shown that the notice was received by her attorney until January 2, 2009. Accordingly, to have timely brought this action, plaintiff had to have filed her Complaint on or before March 3, 2009. Plaintiff filed her Complaint on March 6, 2009 -- six days beyond the statutory sixty- day limit.

The sixty-day limit for filing is not jurisdictional, but rather, the limit "constitutes a statute of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir.1987). This limitation can be tolled by "traditional equitable tolling principles," such as when the cause of action is based on duress or undue influence or when the defendant fraudulently conceals the cause of action. Bowen, 476 U.S. at 479; Vernon, 811 F.2d at 1277-78. In Vernon, for example, the plaintiff was late in filing a complaint in a similar cause of action. In that case, the plaintiff alleged that a Social Security Administration employee misinformed him about the filing deadline. Vernon, 811 F.2d at 1275. In Bowen, the plaintiffs were prevented from filing because of "the Government's secretive conduct." 476 U.S. at 481.

Plaintiff's attorney concedes that he did not file plaintiff's Complaint within the statutory period. He requests, however, that the Court apply the doctrine of equitable tolling, explaining that he miscalculated the sixty (60) day period and argues defendant is not prejudiced by the acceptance of the late filing. Doc. 15. Plaintiff's arguments do not present any facts to warrant equitable tolling of the statute of limitations.

REPORT AND RECOMMENDATION - 3

Equitable tolling "focuses on whether there was excusable delay by the plaintiff" and "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); *see also* Burnett v. New York Cent. R. Co., 380 U.S. 424, 429 (1965)(allowing equitable tolling if "a plaintiff has not slept on his rights, but rather, has been prevented from asserting them"). Equitable tolling is available if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way." Harris v. Carter, 515 F.3d 1051, 1054-55 (9th Cir. 2008)(*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)), *cert. denied*, 129 S.Ct. 397, (2008). In Harris the Ninth Circuit explained the following:

> We have stated that the purpose of the equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir.2004). Equitable tolling also serves to "prevent the unjust technical forfeiture of causes of action." *Id.* Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control. *See* Stillman, 319 F.3d at 1202. Equitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament. *See Lawrence*, 127 S.Ct. at 1085.

*Id.* at 1055. *See also* Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir. 2003)(noting that due diligence is required to trigger equitable tolling).

Here, plaintiff's attorney's misapplication or misunderstanding of the Appeals Councils letter does not provide a legal basis to apply equitable tolling of the statute of limitations. Counsel was fully aware of the need to file the complaint sometime within sixty days of receipt the notice. Waiting until the purported last day to file the complaint, and risk filing the complaint late due to a miscalculation or misunderstanding of the sixty-day time limit is not exercising due diligence. Plaintiff does not point to any deceptive conduct or misleading information by defendant. Plaintiff's late filing of her complaint was not the result of any

REPORT AND RECOMMENDATION - 4

external circumstance beyond her control; it was simply counsel's mistake. The court notes that "garden variety" claims of excusable neglect do not entitle a litigant to equitable tolling of statutory time limits. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Other courts have ruled similarly. In Johnson v. Shalala, 2 F.3d 918, 923 (9th Cir. 1993) the court did not apply equitable tolling and relied heavily on Bailey v. Sullivan, 885 F.2d 52, 63-64 (3d Cir.1989), where the Third Circuit held that equitable tolling is appropriate only when governmental conduct prevents claimants from recognizing that they have a valid claim. The First Circuit upheld the sixty-day limitation for filing claims under 42 U.S.C.§405(g). Small v. Gardner, 390 F.2d 186 (1st Cir.1968), *cert. denied*, 393 U.S. 984 (1968). A number of district court opinions having also addressed this exact issue, which have dismissed similar actions based solely on the fact that plaintiff missed the sixty-day deadline. *See* Worthy v. Heckler, 611 F.Supp. 271 (D.C.N.Y.1985)(the five-day presumption period clearly does not extend the sixty-day period to a sixty-five day time limit); Carter v. Heckler, 588 F.Supp. 87 (N.D.Ill.1984); O'Neill v. Heckler, 579 F.Supp. 979 (E.D.Pa.1984). Tardy filing, even if only by one day, is cause enough for the court to apply the statute of limitation. O'Neill, 579 F.Supp. at 978-79.

Although the undersigned is sympathetic to plaintiff's predicament, a fair reading of the law does not permit a recommendation that the District Court equitably toll the statutory filing period on account of simple neglect. Because plaintiff was aware of the filing deadline well before its expiration, there was no basis for equitable tolling. Plaintiff was not tricked or misled by defendant into allowing the filing deadline to pass, she simply failed to exercise due diligence in preserving her legal rights. Given these circumstances, this court finds no error basis to recommend equitable tolling of the statute of limitations period.

## CONCLUSION

REPORT AND RECOMMENDATION - 5

| | |
|---|---|
| 1 | Based on the foregoing, the undersigned RECOMMENDS that the defendant's motion to |
| 2 | dismiss be GRANTED and that this action be DISMISSED with prejudice. Pursuant to 28 |
| 3 | U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have |
| 4 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. |
| 5 | 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. |
| 6 | |
| 7 | Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the |
| 8 | clerk is directed to set the matter for consideration on March 26, 2010, as noted in the caption. |

Based on the foregoing, the undersigned RECOMMENDS that the defendant's motion to dismiss be GRANTED and that this action be DISMISSED with prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 26, 2010, as noted in the caption.

DATED this 1st day of March, 2010.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge